UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADNAN KHAN, p/k/a MENACE,<br><br>        Plaintiff,<br><br>v.<br><br>NAVARRO GRAY, THE GRAY LAW FIRM, LLC, DANIEL DESIR, AND TIMELESS MUSIC ENTERTAINMENT, LLC,<br><br>        Defendant. | CASE NO. 21-cv-13352 |

Plaintiff Adnan Khan, by his attorneys Gallet Dreyer & Berkey, LLP, as and for his Complaint, alleges with personal knowledge as to his own actions, and upon information and belief as to those of others, as follows:

**Preliminary Statement**

1. This action arises from the attempt of the defendants, talent manager Daniel Desir and his company Timeless Music Entertainment, LLC ("Timeless"), and Desir's business partner and attorney Navarro Gray of the Gray Law Firm, LLC ("GLF"), to extract hundreds of thousands of dollars from of the plaintiff, Adnan Khan, p/k/a "Menace," a musician and beats producer, that defendants had no entitlement to receive.

2. The defendants negotiated an artist management agreement between Khan and Timeless(the "Timeless Agreement"). Pursuant to the Timeless Agreement, Khan agreed to pay Timeless twenty percent of the "gross monies" Khan received during the term of that agreement, and smaller percentages pursuant to a sunset clause dwindling to nothing following the sixth anniversary of the Timeless Agreement's termination.

1

3. Gray and Daniel Desir have been business associates for years. Thus, when Stellar Songs, Ltd. ("Stellar") offered Khan a publishing agreement, Desir and Gray agreed, without Khan's knowledge, that Gray would act as counsel for Khan in the deal with Stellar.

4. Gray, on behalf of himself, his firm, and Timeless, advised Khan to sign irrevocable Letters of Direction (the "LODs") instructing Stellar to pay twenty percent of the royalties due to Khan directly to Timeless, and an *additional* five percent to Gray's firm GLF as well as twenty percent and five percent respectively of Khan's royalty advance.

5. Gray had never counseled Khan about the LODs or Gray's "cut" of Khan's monies, and Gray certainly never entered into a retainer agreement with Khan that informed him of Gray's fee structure. In fact, at all times, Gray and GLF were acting in the interests of Desir and Timeless, not Khan. Nonetheless, Gray and GLF sought out and took a substantial portion of Khan's royalties for which they were never entitled. Despite never explaining to Khan the extent of Gray's and GLF's purported entitlement to a substantial portion of the advance and future royalties as legal fees, and despite the fact that Gray and GLF never entered into a written agreement to provide Khan with legal services, Gray and GLF took these royalties as "legal fees."

6. Additionally, Timeless failed to provide even the most basic management level of service that it was required to perform under the Timeless Agreement. Then, in May 2018, after Desir and Timeless had secured their royalties from the publishing agreement with Stellar, Desir cancelled the Timeless Agreement. However, in the notice of cancellation, Timeless and Desir claimed entitlement to the full twenty percent of Khan's "gross monies," a claim that Gray later confirmed in writing, supposedly on Khan's behalf. Gray purposely ignored the clear and unambiguous sunset clause at the cost of his supposed client Khan, only to benefit his real clients, Timeless and Desir.

7. Khan's attempts to resolve these issues without the Court's involvement have failed. In fact, Desir, Timeless, and Gray continue to collect from Khan's royalties despite his clear protests.

## Jurisdiction and Venue

8. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as it is a suit between a citizen of a foreign state and citizens of New Jersey and New York, and the amount in controversy exceeds $75,000 exclusive of interest and costs. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and (b)(2). On information and belief, all of the defendants reside in this district and a substantial part of the events or omissions giving rise to this Complaint occurred and are continuing to occur within this district.

## Parties

9. Plaintiff Adnan Khan is a producer and "beat" maker who records and performs under the name "Menace." Khan is a citizen and resident of the United Kingdom.

10. Defendant Gray is an attorney who is admitted to the bar of the State of New Jersey, where Gray provides services. Upon information and belief, Gray is a resident of the State of New Jersey.

11. Defendant GLF is a limited liability corporation formed under the laws of the State of New Jersey. GLF's principal place of business is located at 10 Banta Place, Suite 114, Hackensack, New Jersey 07601. Upon information and belief, Gray is the sole attorney at GLF.

12. Defendant Desir is the Chief Executive Officer of Timeless. Upon information and belief, Desir is a resident of the State of New Jersey.

13. Defendant Timeless is a limited liability corporation formed under the laws of the State of New York. Timeless's principal place of business is located at 10 Banta Place, Suite 114, Hackensack, New Jersey 07601.

14. On information and belief, Timeless is the mere alter ego of Desir, which Desir dominates and operates not as a separate entity but as an extension of Desir, and which he abuses the corporate privilege to perpetrate injustice and circumvent the law and his own personal responsibility.

15. On information and belief, Timeless lacks adequate capitalization and is or is nearly insolvent, does not observe corporate formalities, does not pay dividends, maintains no corporate records, has no other functioning officers or directors other than Desir and is merely a façade for the operations of Desir, individually. On information and belief, Timeless is a shell without sufficient assets to satisfy any judgment and justice and equity require the corporate fiction of Timeless to be pierced to hold Desire personally liable for its acts.

**Operative Facts**

Khan and Timeless's Contract

16. In 2015, Khan produced the hit song "Panda", which shot Khan to international fame and garnered the attention of music industry giants such as Kanye West.[1]

17. With Panda's success, Khan also obtained the attention of Timeless CEO Desir. Desir solicited Khan in early 2016 through social media, and suggested to Khan that Desir, through Timeless, could manage Khan. Desir informed Khan that Desir had contacts in the music industry worldwide and could substantially advance Khan's career and exposure.

---

[1] https://www.rollingstone.com/music/music-features/panda-producer-menace-on-creation-of-kanye-approved-hit-231600/

18. Shortly after Desir reached out to Khan, Desir sent Khan the Timeless Agreement, which had been drafted by defendants Gray and GLF.

19. In April 2016, Khan and Timeless entered into the Timeless Agreement, in which Khan agreed to provide "a 'Commission' to [Timeless] in an amount equal to twenty (20%) percent of all Gross Monies."

20. "Gross Monies" is defined in the Timeless Agreement as "any and all income received by [Khan] in connection with [Khan]'s production, engineering, mixing, and editing services to be provided by [Khan]."

21. In return, Timeless agreed to provide the following "services":

> Manager shall advise, counsel and represent Producer with respect to decisions concerning employment, publicity, selection of projects and/or material, public relations and advertising, and all other matters pertaining to Producer's entertainment career an [sic] in all areas of same, including, but not limited to sound recordings (specifically, the production, engineering, mixing and editing of same), music publishing, personal appearances, product endorsements and merchandising/commercial exploitation of Producer's name and likeness.

22. The Timeless Agreement was for a term of four years. After the Timeless Agreement ended, either through expiration or termination, Timeless would be entitled to ever-shrinking commissions, according to the following "sunset" schedule:

| Post Term | Manager's Commission |
|---|---|
| 1 | 15.0 |
| 2 | 10.5 |
| 3 | 7.0 |
| 4 | 5.0 |
| 5 | 2.5 |

5

23. Thus, for example, three years after the Timeless Agreement is terminated, Timeless is only entitled to a seven percent commission, at most.

24. By its own terms, "the validity, interpretation and legal effect of this [Timeless] Agreement shall be governed by the laws of the State of New Jersey without regard to any conflict of laws principles."

<u>Gray and GLF are, and Always Have Been Timeless's Attorneys</u>

25. Gray and GLF have been working for Desir and Timeless for years, well before Desir approached Khan.

26. Gray and GLF continue to work for Timeless and Desir. In an October 2019 interview with L3 Magazine, Desir stated that "Navarro Gray covers our legal entity of the business." In an October 2020 interview, Desir again mentioned Navarro Gray as one of "our attorneys…"

27. In April 2020, Gray and GLF acted as the filing attorney of record for a Timeless trademark, Registration No. 88893387.

28. Gray and GLF maintain the exact same office space as Timeless, down to the same suite.

<u>Gray Negotiates a Significant Portion of Khan's Royalties for Himself</u>

*Gray and GLF's Negotiation of the Stellar Songs, Ltd. Publishing Agreement*

29. In April 2016, Stellar sought to obtain exclusive publishing rights as to Panda. Timeless informed Khan that Khan should speak to Timeless's attorney, Gray of GLF, regarding publishing.

30. Gray received a proposed publishing agreement from Stellar, and within a matter of days Gray presented Khan with the executed version of the publishing agreement along with

corresponding LODs for the benefit of Timeless/Desir and Gray of GLF. Gray drafted the proposed LODs with Stellar, pursuant to which Stellar was required to forward twenty percent of all royalties owed to Khan to Timeless.

31. Gray also issued another LOD directing Stellar to pay an *additional* five percent of Khan's advances and royalties to Gray and GLF.

32. LODs are customary in the music industry and are revocable instructions from the artist to publishers, labels, and public performance societies to make payments to third parties.

33. LODs are generally revocable. However, the LODs negotiated by Gray and GLF are both irrevocable. Gray and GLF never disclosed to Khan that the LODs would be irrevocable nor explained to Khan what this meant. Gray and GLF also never explained why they made the LODs irrevocable.

*Gray and GLF's Negotiation of Desiigner's Publishing Rights*

34. Desir learned that Khan had inadvertently assigned publishing rights to Sidney Selby, p/k/a "Desiigner," in the "Producer Agreement" pertaining to the song "Panda." Before Desir and Gray agreed to offer Khan a formal management deal, Desir dispatched his long-time attorney and collaborator, Gray to rectify the situation.

35. Khan knew that Gray had been recommended by Timeless and agreed to follow his advice. However, Khan was not aware of Gray's true agenda: to clear the path so that his real client, Desir of Timeless, could collect on Khan's future royalties.

36. Gray reached out to Desiigner's counsel and requested an "Addendum" to the Producer Agreement, to which Desiigner. Khan reasonably believed that Gray was working in Khan's best interests and signed the Addendum as well.

37. Unknown to Khan, Gray and GLF had placed a provision in the Producer Agreement with Desiigner that funneled a five percent share of Khan's royalties to Gray and GLF arising from the Producer Agreement and Addendum.

38. Gray and GLF never drew up and negotiated a retainer agreement for Khan to sign. Gray and GLF never informed Khan that Gray and GLF would seek an additional five percent of Khan's royalties, and Gray and GLF never informed Khan of the reason why Gray and GLF were purportedly entitled to that additional five percent.

39. Rather, at all times, Gray and GLF acted as Timeless's attorney. Timeless and Desir referred to Gray as "Timeless' attorney" in communications and Desir claimed in interviews that Gray is his business partner who handles the "legal" aspects of Timeless's business.

40. Although Gray and GLF had no retainer agreement with Khan, Gray and GLF invoiced Stellar for a portion of Khan's advance, specifically, $35,000 of that advance. Gray and GLF claimed on the invoice that the invoice reflected payment for "legal fees."

41. Gray and GLF performed legal services, purportedly on behalf of Khan, in a manner that benefitted Desir and Timeless and ensured that Desir and Timeless would earn a management fee, to Khan's detriment.

42. On information and belief, Gray and GLF have collected more than $100,000 in royalties and advances from Khan's earnings.

<u>The Timeless Agreement is Terminated, But Timeless Seeks the Full Twenty Percent</u>

43. Desir and Timeless never performed any of the services outlined in the Timeless Agreement, and certainly never moved Khan's career forward or provided the exposure promised.

44. One example of Desir and Timeless's failure to provide the contracted-for services involves Gray and GLF beginning to negotiate an agreement between Khan and musician Blac Youngsta.

45. Khan had been approached to produce Youngsta's album, and Khan informed Timeless of this opportunity.

46. Gray and GLF had negotiated some aspects of Khan's deal with Youngsta, but then abruptly stopped negotiating with Youngsta. Desir, Timeless, Gray and GLF simply stopped communicating with Youngsta. That deal only materialized years later due to the efforts of Khan's new manager.

47. On information and belief, once Gray and GLF held themselves out as Khan's attorney, third parties contacted Gray and GLF about opportunities for Khan.

48. Desir and Timeless never intended to perform the services required of them in the Timeless Agreement, and Desir and Timeless never directly performed any of those services. Rather, Desir and Timeless simply collected royalties on deals which they had not originated.

49. An example of this is Gray and GLF's negotiation with Desiigner. Shortly after Gray and GLF cleared Khan's publishing agreement between Khan and Stellar with Desiigner, which freed up more royalties for Desir and Timeless, Desir and Timeless terminated the Timeless Agreement.

50. In May 2018, after Timeless and Gray "cashed in" on Panda's success, Desir informed Khan that Timeless was terminating the Timeless Agreement. Timeless sent a "Termination Notice" to Khan in which Timeless stated "this termination in no right shall effect Timeless Music Entertainment's benefit of 20% off music and projects worked during the contract period."

51. The portion of the Termination Notice in which Timeless claimed its entitlement to twenty percent of Khan's earnings is incorrect. Timeless was only entitled to a twenty percent commission of all Gross Monies "received… or credited to Producer's account, during the Term" of the Timeless Agreement, as set forth in paragraph 3 of that Agreement. Any monies received after the Term are subject to the provisions of the sunset clause set forth in paragraph 3(d) of the Timeless Agreement.

52. Gray, acting at Desir's behest and on behalf of Timeless and Desir, approached Khan and informed Khan he should continue to pay twenty percent commissions to Timeless. During this conversation, Gray never counseled Khan that Timeless was not entitled to the twenty percent commission and provided no basis for payment of the higher commission amount.

53. On June 21, 2018, Gray and GLF replied to Timeless' termination notice, purportedly on behalf of Khan. In that reply, Gray and GLF purportedly confirmed "the 20% payout on the items you have worked on."

54. Thus, rather than enforce the provisions of the sunset clause that Gray and GLF had written, Gray and GLF made a written statement to Timeless, an opposing party, to Khan's detriment.

55. The Timeless Agreement requires any modification to be made in writing, executed by both parties. The parties never executed a modification of the Timeless Agreement to permit Timeless to collect twenty percent commissions after its termination, and Gray has never informed Khan that the purported "modification" is ineffective because it was not set forth in a signed writing. Gray's purported "confirmation" does not meet this requirement, as Gray and GLF actually only ever worked for Timeless and Desir.

56. Gray's and GLF's act of undermining Khan for Timeless's benefit illustrates that a clear conflict existed between Khan and Timeless, and that Gray could not continue to represent both of those parties without a competent waiver. Gray never obtained any such waiver, and never bothered to explain that conflict to Khan.

57. Nevertheless, Timeless contends it is still entitled to twenty percent of Khan's "gross monies," while Gray and GLF continue to claim they are entitled to five percent of Khan's royalties from Stellar. In fact, Timeless continues to collect twenty percent, and Gray and GLF continue to collect five percent of the royalties that Stellar pays Khan, despite the fact that Timeless, Gray and GLF are not entitled to any of those amounts.

58. Khan continues to generate royalties from the period the Timeless Agreement was in effect, including from Stellar, to which Timeless and Gray claim they are entitled, while Khan contends Timeless and Gray are not so entitled to those royalties.

59. In fact, in March 2021, Stellar paid the full commission on the advance to Gray, GLF and Timeless, despite Khan's protests to Stellar. Stellar refused to stop payment on the LODs to Gray, GLF and Timeless because, as drafted by Gray and GLF, those LODs are irrevocable.

60. To date, Timeless has collected at least $397,639.93 of Khan's royalties, while Gray and GLF have collected $102,693.50 of Khan's royalties.

FIRST CLAIM
(*Legal Malpractice – Against Gray and GLF*)

61. Khan repeats and re-alleges the allegations set forth in each of the preceding paragraphs of this Complaint.

62. Gray and GLF created an attorney-client relationship with Khan, which in turn created a duty of care that Gray and GLF owed to Khan.

63. Gray and GLF breached their duty of care to Khan by failing to enter into a retainer agreement, by failing to describe their fee structure, by failing to charge reasonable fees, by failing to inform Khan of Gray's and GLF's conflict of interest by representing both Khan and Timeless, and by falsely informing Timeless that Khan had consented to pay Timeless commissions of twenty percent after the Timeless Agreement was terminated.

64. Gray's and GLF's actions as alleged herein violate at least the following New Jersey Rules of Professional Conduct:

    a. Rule 1.1: requiring competence in representation;

    b. Rule 1.4(c): requiring sufficient communication to clients;

    c. Rule 1.5(a): requiring that fees charged are reasonable;

    d. Rule 1.5(b): requiring fees be communicated in writing;

    e. Rule 1.7: requiring conflicts of interest be disclosed and consented to in writing;

    f. Rule 1.8(a): requiring conflicts of interest originating from business transactions with client be disclosed and consented to in writing.

65. Since Gray and GLF actually worked for Timeless and Desir, any fees accrued by Gray and GLF in this matter should have been paid by Timeless and Desir and not taken from Khan's earnings.

66. The breaches of care by Gray and GLF are the proximate cause of damages to Khan, which include but are not limited to the more than $100,000 that Gray and GLF negotiated for themselves, to which Kahn is entitled. Kahn is additionally entitled to disgorgement of all amounts paid or collected by Gray and GLF, interest, and the costs of this suit.

## SECOND CLAIM
*(Breach of Contract – Against Desir and Timeless)*

67. Khan repeats and re-alleges the allegations set forth in each of the preceding paragraphs of this Complaint.

68. Khan and Timeless entered into the Timeless Agreement, which obligated Khan to provide commissions to Timeless in return for services that Timeless would provide.

69. Khan provided Timeless with the commissions which he was required to under the Timeless Agreement and otherwise fully and faithfully performed any obligations that Khan had under the Timeless Agreement.

70. However, Timeless materially and substantially breached the Timeless Agreement by failing to provide Khan with the services promised, including but not limited to Timeless' failure to consummate the Youngsta producer deal.

71. Timeless and Desir's actions additionally violate the duty of good faith and fair dealing that attaches to all agreements.

72. Timeless' breach of the Timeless Agreement caused Khan to lose opportunities to advance his career and enter into other, lucrative contracts.

73. Timeless and Desir breached the Timeless Agreement by continuing to collect twenty percent of Khan's royalties after the Timeless Agreement was terminated.

74. Timeless' breach of the Timeless Agreement caused Khan damages in an amount more than $75,000.

75. As a direct and proximate result of Timeless and Desir's actions in breach of Timeless's contractual duties, Khan has been damaged in an amount to be determined at trial, but in any event not less than $100,000, plus interest, for which Timeless and Desir are jointly and severally is liable.

76. Desir is further liable under the Timeless Agreement as Timeless is merely an alter ego of Desir, used to circumvent justice and Desir's personal liability.

### THIRD CLAIM
(*Unjust Enrichment – Against Desir, Timeless, Gray and GLF*)

77. Khan repeats and re-alleges the allegations set forth in each of the preceding paragraphs of this Complaint.

78. As an alternative cause of action, if the Timeless Agreement is found to be invalid or not controlling, Khan alleges that Timeless and Desir were unjustly enriched.

79. As an additional, alternative cause of action, if Gray and GLF are found not to have had any written agreement between themselves and Khan, Khan alleges that Gray and GLF were unjustly enriched.

80. Timeless, Gray and GLF have obtained amounts that were not due to them under the Timeless Agreement or any other agreement. Timeless, Gray and GLF continued to collect commissions that are due to Khan when Timeless, Gray and GLF were never entitled to those amounts.

81. Timeless continued to collect amounts after it was no longer entitled to collect any amount, and Gray and GLF collected more than $100,000, although Gray and GLF never had any agreement with Khan that permitted Gray and GLF to collect that amount, and Gray and GLF never performed any services worth the amount collected from Khan.

82. Khan has been damaged in an amount no less than $100,000 collected by Desir, Timeless, Gray and GLF.

## FOURTH CLAIM
*(Breach of Fiduciary Duty – Against Desir, Timeless, Gray and GLF)*

83. Khan repeats and re-alleges the allegations set forth in each of the preceding paragraphs of this Complaint.

84. The defendants owed a fiduciary duty to Khan. Khan placed his trust and confidence in the defendants. The defendants owed Khan a duty to act on his behalf, and give advice, for Khan's benefit.

85. The defendants breached that duty to Khan by falsely claiming that Khan had agreed to provide the defendants with twenty percent of Khan's commissions after the parties had terminated their agreement.

86. Gray and GLF further breached their fiduciary duty to Khan by representing Desir's and Timeless's interests at the expense of Khan's interests, as described above.

87. The defendants' breach has caused and will continue to cause damages to Khan, in that the defendants' breach had caused Stellar to divert funds to them to which they are not entitled.

## FIFTH CLAIM
*(Declaratory Relief – Against Desir, Timeless, Gray and GLF)*

88. Khan repeats and re-alleges the allegations set forth in each of the preceding paragraphs of this Complaint.

89. A case and controversy has arisen between Desir, Timeless, Gray and GLF and Khan.

90. The defendants contend Timeless is still entitled to twenty percent of Khan's royalties, based upon the statements of Timeless's agents Gray and GLF that Khan agreed to pay Timeless twenty percent commissions after the Timeless Agreement was terminated. Khan contends that any such purported agreement between Desir, Timeless and Gray and GLF is

unenforceable as it has not been made in writing, executed by both parties in accordance with the terms of the Timeless Agreement.

91. Under the LODs negotiated by Gray and GLF, Gray and GLF continue to take royalties that are rightfully due and owing to Khan, despite Khan's attempt to revoke the LODs.

92. Khan contends that, at this time, Timeless is owed less than twenty percent of any royalties according to the post-termination payment schedule, or alternatively, that Timeless is owed no royalties due to Timeless' breach of the Timeless Agreement.

93. Khan further contends that, at this time, Gray and GLF are owed no percentage of any royalties, or alternatively, that any amounts due to Gray and GLF are the responsibility of Timeless.

94. Stellar currently owes substantial payments to Khan. The defendants therefore claim they are entitled to an additional amounts. Further, Stellar will continue to pay Khan royalties, of which the defendants claim they are entitled to a portion of those ongoing payments.

95. Khan therefore seeks a declaration that Desir, Timeless and its agents Gray and GLF, are not entitled to any further amounts paid to or for the benefit of Khan, and that Khan is entitled to all amounts collected by Gray and GLF and that Khan is entitled to all amounts collected by Desir and Timeless that are greater than that set forth in the Timeless Agreement.

SIXTH CLAIM
(*Equitable Accounting – Against Desir, Timeless, Gray and GLF*)

96. Khan repeats and re-alleges the allegations set forth in each of the preceding paragraphs of this Complaint.

97. Desir, Timeless, Gray and GLF formed a fiduciary relationship, or a relationship of trust, between themselves and Khan.

98. Desir, Timeless, Gray and GLF maintain complicated accounts related to Khan's earnings and their share of those earnings, requiring discovery of those accounts.

99. Khan therefore requests an equitable accounting of all amounts provided to Desir, Timeless, Gray and GLF, or anyone acting on their behalf, obtained by those parties as a result of Khan's work, and for Khan to recover any amounts so due to him.

### Prayer for Relief

**WHEREFORE**, Khan respectfully requests this Court enter judgment in Khan's favor for the following

1. Compensatory damages, to be proven at trial;
2. Disgorgement of profits;
3. Disgorgement of any amounts collected by any defendant to which they are not entitled;
4. A declaration that Desir, Timeless and its agents Gray and GLF, are not entitled to any further amounts paid to or for the benefit of Khan, and that Khan is entitled to all amounts collected by Gray and GLF and that Khan is entitled to all amounts collected by Desir and Timeless that are greater than that set forth in the Timeless Agreement;
5. An accounting of all amounts provided to Desir, Timeless, Gray and GLF, or anyone acting on their behalf, obtained by those parties as a result of Khan's work and due to Khan, and for Khan to recover all amounts due to him;
6. Interest, attorney's fees and costs;
7. Such other such relief as this Court may deem proper.

<u>Rule 38 Demand for Jury Trial</u>

Pursuant to Federal Rule of Civil Procedure 38, Khan hereby demands a trial by jury for all claims so triable.

Dated: New York, New York
       July 6, 2021

                                             GALLET DREYER & BERKEY, LLP

                                             By:    /s/ *Francelina Perdomo*
                                                       Francelina M. Perdomo, Esq. (*pro hac vice* motion forthcoming)
                                                       fmp@gdblaw.com
                                                       Kyle G. Kunst, Esq.
                                                       kgk@gdblaw.com
                                                       845 Third Avenue, 5th Floor
                                                       New York, New York 10022
                                                       (212) 935-3131

                                                       Attorneys for Plaintiff
                                                       *Adnan Khan, p/k/a Menace*